**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

| | |
|---|---|
| NIRAVKUMAR VITTHALBHAI PATEL, | Case No.: 1:25-cv-08813 |
| Plaintiff, | |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., and LEXISNEXIS RISK SOLUTIONS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Niravkumar Vitthalbhai Patel ("Plaintiff") a living, breathing 40-year-old consumer, brings this action on an individual basis, against Experian Information Solutions, Inc. ("Experian") and LexisNexis Risk Solutions, Inc. ("LexisNexis"), collectively ("Defendants"), for actual, statutory, and punitive damages and costs, and attorney's fees, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et. seq.*, arising out of Defendant's mixing Plaintiff's credit file with another consumer and inaccurately reporting Plaintiff as deceased.

## PARTIES

1.      Plaintiff is a natural person residing in Glastonbury, Connecticut, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

2.      Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") is a corporation with a principal place of business located at 475 Anton Blvd., Costa Mesa, California 92626, and is authorized to do business in the State of New York, including within this District.

1

3.      Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

4.      Defendant LexisNexis Risk Solutions, Inc. ("LexisNexis") is a corporation with a principal place of business located at 1000 Alderman Drive, Alpharetta, Georgia 30005, and is authorized to do business in the State of New York, including within this District.

5.      LexisNexis is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). LexisNexis is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTS

### Plaintiff's Incorrect Deceased Status

8.      In or about September 2024, Plaintiff's wife received a letter from Plaintiff's life insurance company requesting his death certificate.

9.      Upon receiving the letter, Plaintiff immediately contacted the insurance company.

2

10.    The company acknowledged the mistake but did not disclose who had provided them with the erroneous information.

11.    At the time, Plaintiff did not consider the matter serious until May 2025, when he applied for two Home Equity Lines of Credit ("HELOC").

12.    On May 1, 2025, Plaintiff completed and submitted an application for a HELOC with Discover Bank ("Discover").

13.    On May 1, 2025, Discover issued an adverse action notice to Plaintiff.  Within that letter, Discover communicated that it had denied Plaintiff's credit application without providing a specific reason for the denial.

14.    Plaintiff was confused by the denial given his excellent credit score of approximately 830.

15.    On or around May 13, 2025, Plaintiff contacted Discover via telephone to inquire about the denial.

16.    Discover informed him that the reason for the denial was a "deceased" notation on his Experian credit report.

17.    Concerned about the impact this would have on his credit, Plaintiff called Experian that same day. While Experian confirmed that his Social Security Number (SSN) was active, an unusual issue occurred. When Plaintiff entered his SSN as instructed by the automated system, the call was disconnected three times. However, when he entered his wife's SSN, the system successfully connected, allowing him to speak with a representative.

18.    Upon information and belief, Experian misled Plaintiff that Plaintiff was not being reported as deceased.

19.  In or about May 2025, Plaintiff also completed and submitted an application for Home Equity Lines of Credit with Figure.

20.  However, on May 23, 2025, Plaintiff received an email from Figure, which has headquarters in New York, denying his application.

21.  Figure communicated that Plaintiff's application was denied due to "Experian reporting you as deceased."

### Plaintiff's June 2025 Dispute to Defendant Experian

22.  On or about June 11, 2025, after becoming concerned that he is being reported as deceased in his credit report, Plaintiff sent a dispute letter to Defendant, via certified mail.

23.  Plaintiff disputed Experian's reporting him as "deceased" and attached documents to support his dispute.

24.  Plaintiff requested that Defendant reinvestigate the disputed information and correct the reporting.

25.  On June 25, 2025, Experian sent dispute results to Plaintiff.

26.  Per the results, Experian did not address any deceased remark but instead removed other items from Plaintiff's credit report.

### Plaintiff's Mixed Credit File with LexisNexis

27.  Shocked, worried, and confused, Plaintiff requested a copy of his report from Defendant LexisNexis. On June 2, 2025, Plaintiff received his LexisNexis Disclosure Report dated May 14, 2025.

28.  Upon reviewing the report, Plaintiff discovered it was infested with inaccurate and/or mixed information.

4

29.    Specifically, LexisNexis was reporting the following information which did not

belong to Plaintiff:

Name variations:
    a.    NIRAVKUMAR J PATEL
    b.    MIRA PATEL

Reported date of death: 09/18/2024

Address variations:
    a.    24 MARGARET CT, EAST HAVEN CT 06512-1090
    b.    270 FOXON BLVD NEW HAVEN, CT 06513-2324
    c.    140 MILL ST, NEW HAVEN, CT 06512-1041
    d.    50 BROOK HAVEN DR 3A APT, ATTLEBORO, MA 02703-5131
    e.    25 FOX HILL LN, ENFIELD, CT 06082-3815
    f.    140 MILL ST, EAST HAVEN, CT 06512-1041
    g.    140 MILL ST OFC, EAST HAVEN, CT 06512-1073
    h.    25 CLARKSON ST, ANSONIA, CT 06401-1201
    i.    270 FOXON BLVD, NEW HAVEN, CT 06513
    j.    2743 MERAMAR DR, ENFIELD, CT 06082
    k.    1410 20TH ST 2 UNIT, ORANGE, CT 06477
    l.    7341 CIMMARON STA, ENFIELD, CT 06082
    m.    171 SALMON BROOK DR, GLASTONBURY, CT 06033-2125
    n.    5 HAZARD AVE, ENFIELD, CT 06082-3711
    o.    28 QUAIL RUN, GLASTONBURY, CT 06033-2737.

Phone numbers:
    a.    2034690343
    b.    8567640936, 2034693083
    c.    8473334532

Email Address:
    a.    DAVIES@OPPVASK.COM
    b.    HRIS@DAILYPOST.COM
    c.    SUMCHING99@OPTEAMAN.COM
    d.    SATURN156@AOL.COM
    e.    NK120@AOL.COM
    f.    NINA19154@YAHOO.COM

Address Characteristics:
    RECORD 1 - 270 FOXON BLVD, NEW HAVEN, CT 06513 2324
    RECORD 2 - 140 MILL ST, NEW HAVEN, CT 06512 1041
    RECORD 3 - 24 MARGARET CT, EAST HAVEN, CT 06512 1090
    RECORD 6 - 50 BROOK HAVEN DR 3A APT, ATTLEBORO, MA 02703 5131
    RECORD 11 - 270 FOXON BLVD, NEW HAVEN, CT 06513 2324
    RECORD 12 - 25 FOX HILL LN, ENFIELD, CT 06082 3815

RECORD 21 - 25 FOX HILL LN, ENFIELD, CT 06082 3815
RECORD 22 - 140 MILL ST, NEW HAVEN, CT 06512 1041
RECORD 23 - 270 FOXON BLVD, NEW HAVEN, CT 06513 2324
RECORD 24 - 24 MARGARET CT, EAST HAVEN, CT 06512 1090
RECORD 28 - 140 MILL ST, EAST HAVEN, CT 06512 1041
RECORD 29 - 270 FOXON BLVD, NEW HAVEN, CT 06513 2324
RECORD 30 - 50 BROOK HAVEN DR 3A APT, ATTLEBORO, MA 02703 5131
RECORD 33 - 25 FOX HILL LN, ENFIELD, CT 06082 3815
RECORD 39 - 50 BROOK HAVEN DR 3A APT, ATTLEBORO, MA 02703 5131
RECORD 43 - 140 MILL ST OFC, EAST HAVEN, CT 06512 1073
RECORD 45 - 24 MARGARET CT, EAST HAVEN, CT 06512 1090
RECORD 47 - 140 MILL ST OFC, EAST HAVEN, CT 06512 1073
RECORD 50 - 270 FOXON BLVD, NEW HAVEN, CT 06513 2324
RECORD 54 - 24 MARGARET CT, EAST HAVEN, CT 06512 1090

Business Association Records:
Record 10 - NIRAV INC Address: 5 HAZARD AVE, ENFIELD, CT 06082 3711
Record 11 - NIRAV INC Address: 5 HAZARD AVE, ENFIELD, CT 06082 3711
Record 12 - NIRAV INC Address: 129 BROOKMOOR RD, WEST HARTFORD, CT 06107 3108

Insurance Policy Records:
RECORD 2 - NIRAV PATEL
    Policy Details:
    Carrier: ALLSTATE FIRE CAS IN
    AMBest Number: 003652
RECORD 3 - NIRAV PATEL
    Policy Details:
    Carrier: ALLSTATE FIRE CAS IN
    AMBest Number: 003652
RECORD 4 - NIRAV PATEL
    Policy Details:
    Carrier: PROGRESSIVE GROUPS
    AMBest Number: 090525

Automobile Insurance Claim Record:
RECORD 4 - JAGDISHCHANDRA PATEL
    Social Security Number: XXXXX6474
    Driver's License Number: XXXXX3128
    Date of Birth: 3/X/1959
    Driver's License State: Connecticut
    Date of Claim: 12/02/2023
    First Payment Date: 01/05/2024
    Vehicle Operator Information

6

Name: NIRAV PATEL
Driver's License Number: XXXXX4951
Date of Birth: X
Driver's License State: Connecticut
Gender: Male
At Fault Indicator: At Fault

Department of Driver Services Records:
RECORD 2 NIRAVKUMAR PATEL J
RECORD 1
Code: 14298
Type: Conviction
Points: 0
Case Status: 100
Incident Date: 02/28/2019
Resolution Date: 03/09/2019
Case Disposition: 100
Additional Violation Details: FLR COMPLY STATE TFC COMM
REGS
CASE #: Y5914132
CASE FILE DATE: 20190306

Driver License Records:
RECORD 1 NIRAV J PATEL Driver's License Number: XXXXX2940 State of
Origination: MA
RECORD 2 NIRAV J PATEL Driver's License Number: XXXXX2940 State of
Origination: MA
RECORD 3 NIRAVKUMAR J PATEL Driver's License Number: XXXXX4951
State of Origination: CT
RECORD 4 NIRAVKUMAR J PATEL Driver's License Number: XXXXX4951
State of Origination: CT
RECORD 5 NIRAVKUMAR J PATEL Driver's License Number: XXXXX4951
State of Origination: CT
RECORD 6 NIRAVKUMAR J PATEL Driver's License Number: XXXXX4951
State of Origination: CT
RECORD 8 NIRAVKUMAR J PATEL Driver's License Number: XXXXX4951
State of Origination: CT
License Status: DED [probably indicating that Plaintiff is deceased]

30.     Further, upon review of the inquiries section, American Express accessed Plaintiff's

Lexis report three times on May 13, 2025, and twice on April 11, 2025. The "deceased" notation

on Plaintiff's LexisNexis report was thereby shared with a third party.

7

31.    By reporting the aforementioned identification records in Plaintiff's report to American Express in New York, despite the fact that the records and/or information do not belong to Plaintiff, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's consumer reports, in violation of 15 U.S.C. § 1681e(b)

32.    Moreover, Defendant Lexis Nexis did not have a permissible purpose for furnishing information about Plaintiff to the American Express, in New York, on the above-referenced dates.

**Plaintiff's July 2025 Dispute to Defendant LexisNexis and Defendant LexisNexis's Unreasonable Dispute Reinvestigation**

33.    On or about July 9, 2025, after becoming concerned that his LexisNexis Report contained serious inaccuracies and was mixed, Plaintiff sent a dispute letter to LexisNexis.

34.    Plaintiff disputed the records that do not belong to him. He attached necessary documents in support of his dispute and a copy of proof of his identity.

35.    Plaintiff requested that Defendant reinvestigate the disputed information and correct the reporting.

36.    On August 1, 2025, Defendant Lexis Nexis sent dispute results to Plaintiff, along with an updated copy of Plaintiff's credit report.

37.    Defendant Lexis Nexis removed some of the disputed information.

38.    However, the following mixed data remained on the report:

Name:
MIRA PATEL

Address Variations:
24 MARGARET CT, EAST HAVEN, CT 06512-1090

Address Characteristic Records:
Record 35: 24 MARGARET CT, EAST HAVEN, CT 06512-1090

Business Association Records:
Record 9: NIRAV INC
Address: 5 HAZARD AVE, ENFIELD, CT 06082-3711
Record 10: NIRAV INC
Address: 5 HAZARD AVE, ENFIELD, CT 06082-3711
Record 11: SNEHA INC
Address: 129 BROOKMOOR RD, WEST HARTFORD, CT 06107-3108

Insurance Policy Records:
Record 2: NIRAV PATEL
Driver's License Number: XXXXX4951
Carrier: ALLSTATE FIRE CAS IN
AMBest Number: 003652
Policy Number: 000000925445942
Record 3: NIRAV PATEL
Driver's License Number: XXXXX4951
Carrier: ALLSTATE FIRE CAS IN
AMBest Number: 003652
Policy Number: 000000984361931
Record 4: NIRAV PATEL
Driver's License Number: XXXXX4951
Carrier: PROGRESSIVE GROUPS
AMBest Number: 090525
Policy Number: 942840320AA062010

Automobile Insurance Claim Records:
Record 5: JAGDISHCHANDRA PATEL
Name: NIRAV PATEL
Driver's License Number: XXXXX4951
At Fault Indicator: At Fault
Policy Number: 000000984361931
Department of Driver Services Records:
Record 1
Code: 14-298
Type: Conviction
Additional Violation Details: FLR COMPLY STATE TFC COMM REGS
Case #: Y5914132
Case File Date: 20190306

Driver License Records:
Record 1: NIRAV J PATEL
Driver's License Number: XXXXX2940
State of Origination: MA

9

Record 2: NIRAV J PATEL
Driver's License Number: XXXXX2940
State of Origination: MA
Record 3: NIRAVKUMAR J PATEL
Driver's License Number: XXXXX4951
State of Origination: CT
Record 4: NIRAVKUMAR J PATEL
Driver's License Number: XXXXX4951
State of Origination: CT
Record 5: NIRAVKUMAR J PATEL
Driver's License Number: XXXXX4951
State of Origination: CT
Record 6: NIRAVKUMAR J PATEL
Driver's License Number: XXXXX4951
State of Origination: CT
Record 8: NIRAVKUMAR J PATEL
Driver's License Number: XXXXX4951
State of Origination: CT
License Status: DED [possibly indicating Plaintiff is deceased]

39.     LexisNexis failed to conduct a reasonable investigation of Plaintiff's June 2025 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A). Instead, LexisNexis, in a facially self-contradictory manner, "verified" some mixed information while maintaining other mixed information.

40.     Thereafter, LexisNexis failed to correct or delete the inaccurate records appearing in Plaintiff's credit report and continued to mix his information with a deceased individual. LexisNexis failed to unmix Plaintiff's credit file from that of the likely other deceased consumer and likely Defendant continued to report the other, apparently deceased consumer's information to Plaintiff's credit file.

41.     On or about October 22, 2025, Plaintiff applied for insurance with GEICO, seeking a better rate than his current policy.

42. Plaintiff's rate as offered by GEICO was inflated due to the false records published to GEICO by Defendant.

43. Plaintiff was offered an inflated rate of $2,123.98 for six months.

44. Based on Defendant's report, GEICO falsely identified Jagdishchandra Patel, age 66, and Jyoti Patel, age 65, as a members of Plaintiff's household.

45. This was highly concerning to Plaintiff and felt like a serious violation of his privacy and sense of security in his reputation and own identity.

46. Plaintiff did not accept the GEICO policy.

47. As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damages including but not limited to, credit denials; the loss of his right to keep his private financial information confidential; the loss of his right to information about who was viewing his private financial information and how his private financial information was improperly implicated in the credit applications of another; damage by lost reputation for creditworthiness and insurability; loss of ability to purchase and benefit from his good credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and garden-variety emotional distress.

48. Defendants policies and procedures are insufficient.

49. Defendants do not request or require a death certificate from any of their data sources which advise that a consumer is "deceased" before placing a "deceased" mark in that consumer's credit file.

50.    Defendants do not have any procedure to notify consumers (including next of kin or executor or administrator of the consumer's estate) when an "X" or "U/UNDESIGNATED" deceased code is furnished to them to be placed in said consumer's credit file or report.

51.    Defendants fail to reasonably and independently verify a deceased notation with public record information and other sources, including the Social Security Administration's Master Death File.

52.    Even in instances where other data on the face of the consumer's report indicates that he/she is not deceased, Defendants do not employ adequate procedures to assure that a consumer is in fact actually deceased before placing the "deceased" mark in that consumer's file.

53.    Once a "deceased" mark is placed upon a consumer's report, Defendant will not calculate and will not provide a credit score for that consumer, instead reporting it as "N/A," effectively zero.

54.    Defendant is aware of the shortcomings of their procedures, which caused Plaintiff's injuries in this action, and intentionally choose not to comply with the FCRA to lower their costs.

55.    Defendant is on notice of the shortcomings of its procedures based on, inter alia, manifold consumer and/or governmental complaints, based on similar or the same FCRA violations, submitted via the Better Business Bureau, CFPB, arbitration, and/or filed and adjudicated in court; as well as consent decrees and jury verdicts related to same.

56.    Plaintiff was unjustly denied two HELOC loans by different creditors due to the "deceased" notation on his Experian credit report. These denials, and Defendants' continued false reporting, have caused Plaintiff to refrain from pursuing any further loan applications.

57.     As a result of these denials, Plaintiff has incurred significant time and effort trying to resolve the issue, including making numerous calls to creditors, credit bureaus, and the Social Security Administration. Plaintiff has also had to prove, to business partner(s) who received a copy of Plaintiff's report, that he is not "deceased" and not otherwise rightfully associated with a deceased mark for any reason.

## CLAIMS FOR RELIEF
### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

58.     Plaintiff reincorporates the preceding allegations as if stated herein.

59.     Defendants Experian and LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

60.     Defendant's conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

61.     Plaintiff is entitled to recover attorneys' fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT II
### 15 U.S.C. § 1681i
### Failure to Perform a Reasonable Reinvestigation

62.     Plaintiff reincorporates the preceding allegations as if stated herein.

63.     Defendants violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the

current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which it received notice of Plaintiff's dispute; and by failing to maintain reasonable procedures with which to filter and verify information in Plaintiff's credit files.

64.     Defendants' conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

65.     Plaintiff is entitled to recover attorneys' fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III
### 15 U.S.C. § 1681b(a)
### Furnishing a Credit Report Without a Permissible Purpose

66.     Plaintiff reincorporates the preceding allegations as if stated herein.

67.     Defendants violated 15 U.S.C. § 1681b(a) by selling Plaintiff's credit report to third parties, whom did not have a permissible purpose to Plaintiff's credit report, in relation to the credit application of an unrelated consumer.

68.     Defendant's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

69.     Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

14

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i.    Determining that Defendants negligently and/or willfully violated the FCRA;

ii.   Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii.  Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv.   Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: October 24, 2025,                    */s/ Noah Kane*
                                            Noah Kane, Bar # 6009682
                                            CONSUMER ATTORNEYS
                                            68-29 Main Street
                                            Flushing, NY 11367
                                            T: (518) 375-3963
                                            F: (718) 247-8020
                                            E: nkane@consumerattorneys.com

                                            *Attorneys for Plaintiff*
                                            *Niravkumar Vitthalbhai Patel*