IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| NIRAVKUMAR VITTHALBHAI PATEL,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. LEXISNEXIS RISK SOLUTIONS, INC.,<br><br>Defendants. | Case No.: 1:25-cv-08813-VEC<br><br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |

Plaintiff Niravkumar Vitthalbhai Patel ("Plaintiff"), by and through its counsel, submits the following Response to the Court's October 27, 2025, Order to Show Cause as to whether the Court should transfer this case to a different judicial district in which it could have been brought and whether the Court should dismiss Plaintiff's complaint for improper venue.

## I.   INTRODUCTION

Plaintiff respectfully requests that this matter be transferred to the District of Connecticut rather than be dismissed. Plaintiff filed in this District in good faith, with a reasonable basis, and venue is proper in Connecticut as well. As such, it is "in the interest of justice" to transfer this matter to the District of Connecticut.

## II.   STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a).

Pursuant to 28 U.S.C. § 1391(b), venue is proper in:

1

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which any action may otherwise be brought, any judicial district in which any defendant is subject to personal jurisdiction with respect to the case at issue. 28 U.S.C. § 1391(b). For purposes of venue, a corporate defendant is deemed to reside in any judicial district in which that entity is subject to the Court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2).

*Caliko, SA v. Finn & Emma, LLC*, No. 21-CV-3849 (VEC), 2022 U.S. Dist. LEXIS 34658, at *3-4 (S.D.N.Y. Feb. 28, 2022) (Caproni, J.)

When the appropriateness of venue is decided "on the basis of the pleadings (rather than on the basis of an evidentiary hearing), the plaintiff need only make a prima facie showing that venue is proper." *Id.* (regarding a motion to dismiss for lack of venue). However, in evaluating the appropriateness of venue, "the Court may consider materials outside the pleadings." *Id.* (citing *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 457 (S.D.N.Y. 2005)). The Court must, however, "accept facts alleged in the complaint as true, and draw all reasonable inferences in plaintiff's favor." *Id.* (cleaned up); *see also Phillips v. Audio Active Ltd.*, 494 F3d 378, 384 (2d Cir. 2007).

### III. PLAINTIFF'S INITIAL SELECTION OF VENUE WAS MADE IN GOOD FAITH

As an initial matter, Plaintiff notes that 28 U.S.C. § 1391(b)(1) is not available as a basis for venue. Defendants LexisNexis Risk Solutions, Inc. ("LexisNexis"), and Experian Information

Solutions, Inc. ("Experian"), are not residents of the same state or judicial district: as the Complaint alleges, Experian resides in California while LexisNexis resides in Georgia. Experian and LexisNexis also do not share a place of incorporation.[1]

Accordingly, Plaintiff relied on 28 U.S.C. § 1391(b)(2) for venue. To evaluate the appropriateness of venue under that provision of the statute, the court "must identify the nature of the claims and the acts or omissions giving rise to those claims and then determine whether a substantial part of those acts or omissions occurred in this district." *Dixon v. Reid*, 744 F. Supp. 3d 323, 330 (S.D.N.Y. 2024) (Caproni, J.) (citing *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005)). If some acts took place within the plaintiff's chosen forum, they are considered "significant" if they have a "close nexus to the claims." *Id.* at 433. This inquiry is "more a qualitative than a quantitative" one that requires a court to assess the overall nature of the claims and "not by simply adding up the number of contacts." *Id.* at 432-33 (citations omitted).

Plaintiff filed suit in this District, in good faith, because this District is the only one in which Plaintiff's Experian and LexisNexis reports, bearing errors, were both published. Plaintiff's LexisNexis report was published to American Express, in the Southern District of New York (Complaint ¶¶30–31), and Plaintiff's Experian report was published to Figure in New York (Complaint ¶¶19–20).

While it is true that Plaintiff accessed, reviewed, and disputed his Experian and LexisNexis reports from Connecticut, the Supreme Court has held that "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 141 S. Ct. 2190, 2210, 210 L. Ed. 2d 568 (2021) (concluding that

---

[1] *See* Georgia Corporations Division, https://ecorp.sos.ga.gov/BusinessSearch (listing Experian as an Ohio corporation and LexisNexis as a Georgia corporation.

plaintiffs whose credit files were not disseminated to third parties lacked standing to sue for violations of the FCRA). Courts in this District have interpreted the *Ramirez* decision to mean that where a Plaintiff's credit file was not disseminated to a third party, that Plaintiff has no standing to pursue a claim under the FCRA in federal court. *See. e.g., Lawtone-Bowles v. Baum*, No. 25-CV-1218 (LLS), 2025 LX 339465, at *14 (S.D.N.Y. Aug. 6, 2025).

Thus, under the *Ramirez* decision and its progeny in this District, the *publication* of Plaintiff's credit file—which Plaintiff alleged occurred in this District, to American Express and Figure—is arguably of an equally significant "nexus" to Plaintiff's claims under the FCRA, and thus, Plaintiff's position was that venue in this District is proper under 28 U.S.C. § 1391(b)(2).

### IV.  PLAINTIFF REQUESTS THAT VENUE BE TRANSFERRED TO THE DISTRICT OF CONNECTICUT

Nonetheless, in an effort to conserve resources and in the interest of justice, in response to this Court's Order to Show Cause, Plaintiff declines to double-down on Plaintiff's initial choice of venue and instead submits that venue is unquestionably proper in the District of Connecticut, and requests that the matter be transferred.

In evaluating whether to transfer venue, a court should weigh the following factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *McKinney v. Stanley*, No. 24-CV-8860 (VEC), 2025 LX 220885, at *19 (S.D.N.Y. July 25, 2025) (Caproni, J.) (quoting *Emplrs. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008)).

Regarding the fourth and seventh factors: Plaintiff, whose means are insignificant compared to those of Defendants, resides in Connecticut, and in any event, Defendants have litigated matters, including matters brought under the Fair Credit Reporting Act with similar operative facts, without objection, in the District of Connecticut. Thus, there is no substantial inconvenience associated with that forum for any party to this proceeding. As national consumer reporting agencies, Defendants both do business in the State of Connecticut and are subject to personal jurisdiction there. Moreover, Plaintiff has access to counsel barred in Connecticut: Emanuel Kataev, Esq., who has filed a Notice of Appearance in this matter.

As for the second and sixth factors: there is no indication that any relevant witnesses would be inconvenienced by, or unwilling to participate in, proceedings before the District of Connecticut. With respect to the third factor, all relevant documents in Plaintiff's possession, such as his consumer reports and related documents, and documents sufficient to prove his identity, and disprove the mixed identity, are located in Connecticut—save for copies in the possession of Plaintiff's counsel in New York.

As for the fifth factor, regarding the "operative facts": the publication of Plaintiff's credit file may have occurred in New York (and elsewhere); however, Plaintiff's disputes occurred, and his damages from both Experian and LexisNexis's false reporting were suffered, primarily in the District of Connecticut. Specifically, Plaintiff's loans applications to Figure and Discover were for home equity lines of credit to make improvements on Plaintiff's *Connecticut* home. *See* Complaint ¶¶1, 11, 12. Plaintiff's LexisNexis report was evaluated by American Express, who issues a credit card Plaintiff that uses primarily in *Connecticut*, and Plaintiff's LexisNexis report was published in connection with Plaintiff's application to GEICO for a policy for cars registered and used primarily in *Connecticut*. *See* Complaint ¶¶32, 41–46.

Thus, the only remaining factor in the inquiry is Plaintiff's choice of forum, which was, initially, the Southern District of New York. However, Plaintiff has no objection to transferring the case to Connecticut and indeed requests that the case be transferred there rather than dismissed.

## V. CONCLUSION

For the reasons detailed above, Plaintiff respectfully requests that this matter be transferred to the District of Connecticut. Plaintiff's counsel barred in Connecticut, Emanuel Kataev, Esq., has already filed a Notice of Appearance on behalf of Plaintiff in this matter. Accordingly, because Plaintiff's initial choice of forum was made in good faith, because Plaintiff requests transfer, and because venue is proper in the District of Connecticut, it is "in the interest of justice" to transfer this matter to the District of Connecticut and this Court should do so.

Dated: October 31, 2025,                */s/ Noah Kane*
                                        Noah Kane, Bar # 6009682
                                        CONSUMER ATTORNEYS
                                        68-29 Main Street
                                        Flushing, NY 11367
                                        T: (518) 375-3963
                                        F: (718) 247-8020
                                        E: nkane@consumerattorneys.com

                                        *Attorney for Plaintiff*
                                        *Niravkumar Vitthalbhai Patel*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 31, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

      **CONSUMER ATTORNEYS**

      By: _/s/ Max Lukjanski_