UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
  NIRAVKUMAR VITTHALBHAI PATEL,     :
                                                          :
                      Plaintiff,       :
                                                          :      25-CV-8813 (VEC)
             -against-                 :
                                                          :      <u>ORDER</u>
EXPERIAN INFORMATION SOLUTIONS, INC., :
and LEXISNEXIS RISK SOLUTIONS, INC.,    :
                                                          :
                                                          :
                    Defendants.   :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on October 24, 2025, Plaintiff filed a Complaint ("Compl."), Dkt. 1, against Defendants in the Southern District of New York;

       WHEREAS a civil action may be brought in "a judicial district in which any defendant resides," where "a substantial part of the events or omissions giving rise to the claim occurred," or, "if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action," 28 U.S.C. § 1391(b);

       WHEREAS Plaintiff does not allege that any Defendant resides in the Southern District of New York, *see* Compl. ¶¶ 2, 4;

       WHEREAS Plaintiff alleges that venue is proper in the Southern District of New York "because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District," *id.* ¶ 7, but does not allege that any of the events described in the Complaint occurred in this District;

WHEREAS the only allegations that relate to New York are: (1) that Defendants are "authorized to do business in the State of New York, including within this District," *id.* ¶¶ 2, 4; (2) that Figure, a non-party, is headquartered in New York, *id.* ¶ 20; and (3) that Defendants furnished information about Plaintiff to American Express, a non-party, "in New York," *id.* ¶ 32;

WHEREAS on October 27, 2025, the Court issued an Order, Dkt. 8, directing Plaintiff either to file an Amended Complaint that adequately alleges facts from which the Court may conclude that venue is proper in the Southern District of New York, or alternatively, to show cause why the Court should transfer this case to a different judicial district in which it could have been brought, rather than dismiss it for improper venue pursuant to 28 U.S.C. § 1406(a);

WHEREAS on October 31, 2025, Plaintiff filed a Response to the Order to Show Cause, Dkt. 10, in which he requested that the action be transferred to the District of Connecticut;

WHEREAS "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented," 28 U.S.C. § 1404(a); and

WHEREAS the sole nexus alleged in the Complaint between this action and Connecticut is the fact that Plaintiff resides there, *see* Compl. ¶ 1.

IT IS HEREBY ORDERED that this case is DISMISSED WITHOUT PREJUDICE for improper venue. Neither Defendant resides in this District or in the District of Connecticut, and the Court cannot conclude, on the basis of the facts alleged in the Complaint, that "a substantial part of the events or omissions giving rise to the claim occurred" in this District or in the District of Connecticut. 28 U.S.C. § 1391(b). With respect to this District, Plaintiff's general allegation that Defendants furnished reports to companies "in New York," Compl. ¶¶ 20, 31–32, does not

provide a basis from which the Court can infer that Plaintiff, Defendants, or anyone else engaged in conduct in this District.[1]  With respect to the District of Connecticut, Plaintiff's observation that his applications to Figure, Discovery, and American Express were made in connection with lines of credit he intended to use in Connecticut is insufficient to show that the acts and omissions that gave rise to his claims — that is, alleged misconduct *by Defendants* — occurred in the District of Connecticut.  *See Meeker v. Starfish Children's Servs.*, No. 16-CV-2263, 2016 WL 5921084, at *3 (S.D.N.Y. Oct. 11, 2016) (to allege venue, Plaintiff must "connect . . . specific acts or omissions by defendants in New York to [his] legal claims").

Accordingly, the Court finds, pursuant to 28 U.S.C. § 1406(a), that venue is improper in this District.  Because Plaintiff has not identified an alternative District in which venue would be proper, the Court finds that it would not be in the interest of justice to transfer the action to another District.

**SO ORDERED.**

Date:  **November 4, 2025**
       **New York, New York**

_____
     **VALERIE CAPRONI**
**United States District Judge**

---

[1]   The Southern District of New York encompasses the counties of New York, Bronx, Westchester, Rockland, Putnam, Orange, Dutchess, and Sullivan.